IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GERRAL SCHRAY STUART                                                                    PLAINTIFF

v.                                                  Civil No. 4:17-cv-4119

NURSE KING, NURSE CHELSEA,                                                          DEFENDANTS
CAPTAIN ADAMS, and OFFICER
CAMBLE

## ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

On December 20, 2017, Plaintiff Gerral Schray Stuart filed his Complaint. (ECF No. 1). On January 8, 2018, Plaintiff filed an Amended Complaint. (ECF No. 7). He alleges that his constitutional rights were violated while he was incarcerated in the Miller County Jail. Plaintiff seeks compensatory and punitive damages and asserts two claims against Defendants in both their official and individual capacities.

For his first claim, Plaintiff alleges that Defendants King, Chelsea, Camble, and Adams,[1] denied him medical care on November 28, 2017. Specifically, he alleges that the staff and guards knew he was sick and knew he was unable to place a proper medical request, so Plaintiff was

---
[1] Defendants King and Chelsea are nurses at the Miller County Jail. Defendants Camble and Adams are officers at the Miller County Jail.

therefore refused medical aid. (*Id*. at 4). In the section where Plaintiff is asked to describe the custom or policy which he believes violated his constitutional rights, Plaintiff alleges that Defendant Adams "took his kiosk offline" so he could not file a medical request. (*Id*. at 5).

For his second claim, Plaintiff similarly alleges that on November 28, 2017, Defendants King, Chelsea, Camble, and Adams denied him medical care. Plaintiff alleges that he was refused medical care when he could not submit a sick call because Defendant Adams "took his kiosk offline," and Camble threw his handwritten documents in the trash. (*Id.* at 5). In the section where Plaintiff is asked to describe the custom or policy which he believes violated his constitutional rights, Plaintiff alleges he was not able to file a proper medical request due to the neglect of medical staff and the poor judgment of Camble and Adams. (*Id*. at 6).

## II. STANDARD

Under the PLRA, the Court must screen this case prior to the issuance of service of process. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Plaintiff's bare allegations that Defendants denied him medical care fail to state a plausible claim. The Eighth Amendment's prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes "both an objective and a subjective component: The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (internal quotation marks omitted).

To show that he suffered from an objectively serious medical need, Plaintiff must show that he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted). For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence." *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal citation omitted). "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Id.*

It is well-settled that a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citations omitted). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.* Despite this, issues of fact exist when there is a question of whether or not medical staff

exercised independent medical judgment and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference. *See Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990).

Deliberate indifference may also be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05. However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009). "A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials ignored an acute or escalating situation or that these delays adversely affected his prognosis." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (internal quotations omitted). Unless, however, the need for medical attention is obvious to a layperson, in which case the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay. *See Schaub*, 638 F.3d at 919 (citing *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999); *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995); *cf. Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) (noting that a delay in treatment, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation).

Plaintiff's allegations fail to meet the objective component of the deliberate indifference standard. Plaintiff alleges only that he was denied medical care because he was not permitted to file a medical request. He alleges that he was ill but does not allege that he had an objectively serious medical need that was diagnosed by a physician. In addition, Plaintiff does not describe or identify any symptoms of his alleged illness. His allegations, therefore, do not permit an inference that he had an objectively serious medical need that was so obvious that even a layperson would easily recognize the necessity for a doctor's attention. Thus, Plaintiff cannot satisfy both

4

components of the deliberate indifference standard. Moreover, Plaintiff does not allege or offer any verifying medical evidence that any Defendant ignored an acute or escalating situation with his alleged illness, or that his overall health prognosis was made worse by any possible delay in treatment. As a result, Plaintiff cannot establish deliberate indifference through a delay in treatment.

In sum, Plaintiff's allegations fail to state a claim upon which relief can be granted. Pursuant to the PLRA, the Court must dismiss any portion of a prisoner's section 1983 complaint that fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b). Accordingly, the Court finds that Plaintiff's case should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 9th day of March, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge